EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex Parte:<br><br>Asociación de Periodistas de Puerto Rico (ASPRO), El Taller de Fotoperiodismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y El Overseas Press Club | 2013 TSPR 137<br><br>189 DPR \_\_\_\_ |

Número del Caso: MC-2013-59

Fecha: 27 de noviembre de 2013

Abogado de los Peticionarios:

      Lcdo. Carlos E. Díaz Olivo

Parte con Interés:

      Lcdo. Juan R. Acevedo Cruz

Materia: Resolución del Tribunal con Votos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:

Asociación de Periodistas de
Puerto Rico (ASPRO), el Taller
de Fotoperiodismo, Inc., la
Asociación de Periodistas de
Puerto Rico y el Overseas Press
Club

    Peticionarios

MC-2013-0059

RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de noviembre de 2013.

Examinada la *Solicitud para que se deje sin efecto autorización de utilización de cámaras, equipo audiovisual y transmisión de procedimientos*, se declara no ha lugar.

Notifíquese por fax, teléfono y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Presidente señor Hernández Denton emitió un Voto de Conformidad al cual se unen los Jueces Asociados señor Martínez Torres y señor Kolthoff Caraballo. El Juez Asociado señor Rivera García emitió un Voto Particular Disidente al cual se une la Jueza Asociada señora Pabón Charneco. El Juez Asociado señor Feliberti Cintrón reconsideraría y dejaría sin efecto la Resolución emitida el 4 de noviembre de 2013, según solicitado. Las Juezas Asociadas señora Fiol Matta y señora Rodríguez Rodríguez no intervinieron.

Camelia Montilla Alvarado
Secretaria del Tribunal Supremo, Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:

ASOCIACIÓN DE PERIODISTAS DE
PUERTO RICO (ASPRO), EL TALLER DE            MC-13-0059
FOTOPERIODISMO, INC., LA
ASOCIACIÓN DE FOTOPERIODISTAS
DE PUERTO RICO Y EL OVERSEAS
PRESS CLUB

     Peticionarios

Voto de Conformidad emitido por el Juez Presidente SEÑOR HERNÁNDEZ
DENTON al cual se unen los Jueces Asociados SEÑOR MARTÍNEZ TORRES y
SEÑOR KOLTHOFF CARABALLO

En San Juan, Puerto Rico, a 27 de noviembre de 2013.

El pasado 4 de noviembre autorizamos la grabación y transmisión de la vista de sentencia del caso *Pueblo v. Malavé Zayas* al amparo del Canon 15 de Ética Judicial, 4 L.P.R.A. Ap. IV-B. Ahora, a través de sus representantes legales, el Sr. Ángel Malavé Zayas comparece ante nos solicitando que dejemos sin efecto dicha autorización.

En síntesis, argumenta que nunca fue notificado de la petición que hicieran los gremios periodísticos y que la decisión de este Tribunal "sitúa al acusado en una innecesaria confrontación con los medios del País". Además, esboza que la petición de los gremios periodísticos fue una al amparo del Canon 15 de Ética Judicial, *supra*, y del

Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales (Programa Experimental), por lo que debe ser atendida por el Tribunal de Primera Instancia. Por otra parte, arguye que el Canon 15 no es autoejecutable, sino que es necesario que este Tribunal adopte un reglamento o enmiende el Reglamento del Programa Experimental. Por último, señala que la vista de sentencia en este caso probablemente será de carácter contencioso y que contra el señor Malavé Zayas hay otros procedimientos criminales pendientes. En la solicitud, indica que la cobertura mediática del caso ha sido amplia y notoria y que este Tribunal puede tomar conocimiento de la misma.

En primer lugar, al tomar la determinación de autorizar la petición de los gremios periodísticos, este Tribunal consideró fundamental la etapa procesal en la que se encuentra el caso en el Tribunal de Primera Instancia y el posible perjuicio que podría sufrir el señor Malavé Zayas. Así lo hicimos constar en nuestro voto de conformidad cuando expresamos que:

> al acceder a lo solicitado, consideramos cuidadosamente que este caso se encuentra en la etapa de vista de sentencia donde un jurado adjudicó la culpabilidad del acusado. O sea que no estamos ante una petición para transmitir el juicio o la vista preliminar, las cuales son etapas más sensitivas del proceso criminal. En este sentido, entendemos que mediante la transmisión de dicha vista el acusado no sufrirá un perjuicio y no existe un riesgo de que se afecte la administración de la justicia. Al contrario, sostenemos que se abona a la fiscalización de nuestro sistema. Ex parte: Asociación de Periodistas de Puerto Rico

(ASPRO), et als., res. 4 de noviembre de 2013, 2013 T.S.P.R. 127, 189 D.P.R.___ (2013), Voto particular de Conformidad del Juez Presidente señor Hernández Denton, pág. 4.

En segundo lugar, debemos aclarar que mediante la resolución In re: Establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales Celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan, 2013 T.S.P.R. 45, 188 D.P.R. ___ (2013), este Tribunal enmendó el Canon 15 de Ética Judicial y adoptó el Reglamento del Programa Experimental. Dicho reglamento constituyó el primer conjunto de normas para autorizar la toma de fotografías o video en el salón del tribunal durante la celebración de sesiones judiciales. Ahora bien, la adopción de dicho reglamento no limita en absoluto nuestra facultad como Tribunal Supremo para adoptar otras **reglas**, ni emitir **órdenes** en un caso en particular, como lo hicimos en el caso de autos. Eso es posible gracias a la enmienda al Canon 15 que permite dicho proceder. Por todo lo anterior, la autorización que concedimos fue a tenor con lo dispuesto en dicho Canon y nuestro poder inherente. Por ello, no procede revocarla.

Sin embargo, como muy bien indica la solicitud, el presente caso ha sido cubierto ampliamente por los medios de comunicación. Incluso, fue objeto de noticia la petición de los medios de comunicación para difundir la vista de sentencia, nuestra determinación y las reacciones de los representantes legales del señor Malavé Zayas. Por ende, nos

sorprende que la defensa, compuesta por distinguidos letrados de amplia experiencia en el ejercicio de la abogacía y con conocimiento de la normativa ética aplicable, hayan reaccionado a nuestra determinación en un tono destemplado y al margen de los postulados deontológicos que rigen nuestra profesión. En particular, sus expresiones sobre que este Tribunal tomó su decisión "en cuartos obscuros" son incorrectas y lesivas a esta Curia. Véase C. López Cabán, "'Cero cámaras' para Wiso Malavé y Pablo Casellas", en: Tus Noticias, Primera Hora, 6 de noviembre de 2013, pág. 14; M. Correa Velázquez, "Defensa truena contra decisión del Supremo", en: Locales, Vocero, 6 de noviembre de 2013, pág. 10; M. E. Rivera, "Suprema descarga de abogados defensores de Malavé por cámaras", Noticel, http://www.noticel.com/noticia/150960/suprema-descarga-de-abogados-defensores-de-malave-por-camaras.html (última visita, 25 de noviembre de 2013).

Lejos de eso, nuestra decisión es un paso adicional hacia la transparencia de la judicatura puertorriqueña. Como indicamos en nuestro voto de conformidad, lo que nos mueve a autorizar la grabación y transmisión de la vista de sentencia de este caso es que estamos convencidos que no se pone en juego la celebración de un **juicio justo e imparcial**. Además, aprovechamos la oportunidad para, a modo excepcional y experimental, evaluar los efectos de la transmisión de los procesos penales en las etapas posteriores a la emisión de un fallo o veredicto y, sobretodo, continuar avanzando en el

camino de apertura y accesibilidad de los procesos judiciales
en nuestro País.


                              Federico Hernández Denton
                                  Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:

Asociación de Periodistas de
Puerto Rico, el Taller de          MC-2013-059
Fotoperiodismo, Inc., la
Asociación de Fotoperiodistas
de Puerto Rico y el Overseas
Press Club

        Peticionarios

Voto particular disidente emitido por el Juez Asociado señor Rivera García al que se une la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 27 de noviembre de 2013

Con el malogrado objetivo de promover la transparencia en los procedimientos judiciales, hoy una mayoría de los miembros de esta Curia se aferra en sostener la desafortunada determinación de autorizar la grabación y transmisión de la vista de sentencia en el caso <u>Pueblo v. Malavé Zayas</u>, Caso Núm. EIS2011G0004 al 14, al amparo de un reglamento que no es aplicable. Por entender que esta autorización selectiva e improvisada incide contra el ambiente de orden y solemnidad que debe imperar en todo procedimiento judicial, particularmente en uno de índole criminal, no me resta más que disentir.

                                    I

    El 19 de abril de 2013, tomamos la decisión de enmendar el Canon 15 de Ética Judicial, 4 L.P.R.A. Ap. IV-B, con el fin de viabilizar el establecimiento de un proyecto **experimental** que permitiera el uso de cámaras fotográficas y de equipo audiovisual de difusión **exclusivamente** en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan.[1] Véase, In re Enmienda al Canon 15 Ética Judicial y Establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, 2013 T.S.P.R. 45, 188 D.P.R. __ (2013). Dirigido **exclusivamente** a ello, conjunto con la citada Resolución, adoptamos el "Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales". Así, establecimos que este reglamento "[r]egirá **únicamente** en los procesos judiciales celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan". Id., Regla 3. (Énfasis suplido).

    Para mayor claridad sobre ese particular, expresamente consignamos que el término proceso judicial "comprende, sin limitarse, a la celebración de vistas de estado de los procedimientos, vistas argumentativas, conferencias con antelación a juicio y vistas en su fondo de aquellos asuntos y recursos en materia civil **asignados en las Salas de Recursos**

---

[1] Esto porque la redacción del Canon 18 según adoptado en los Cánones de Ética Judicial de 2005 y reenumerado como Canon 15, no permitía la toma de fotografías, películas o videos en los procesos judiciales. Véase, Canon XVII de Ética Judicial de 1977.

**Extraordinarios del Centro Judicial de San Juan**". Id., Regla 4, pág. 8. (Énfasis suplido). Nótese que la frase "sin limitarse" se circunscribe a aclarar que se podrá grabar cualquier procedimiento a celebrarse en las salas de Recursos Extraordinarios del Centro Judicial de San Juan, sin limitarse a los específicamente mencionados. **Bajo ninguna circunstancia supone que la adopción de este Reglamento aplicaría a *otros* procedimientos más allá de los celebrados en estas salas civiles.**

De igual forma, dispusimos en nuestra Resolución que al finalizar el año desde que entrara en vigor el programa experimental – 1 de julio de 2013 -, este Tribunal haría una "**evaluación exhaustiva** de la efectividad del uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos judiciales que se celebren en dichas salas". Id., pág. 5. De hecho, en aquella ocasión condicioné mi voto de conformidad a la enmienda al Canon 15 de Ética Judicial, *supra*, al hecho de que su aplicación se limitara exclusivamente al Programa Experimental por el término de un año, según adoptado en su correspondiente reglamento. Id., págs. 5-6.

En ese particular contexto, fue que la Asociación de Periodistas de Puerto Rico (ASPRO), el Taller de Fotoperiodismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y el Overseas Press Club (en conjunto, grupos periodísticos), presentaron una "Petición Especial de Autorización al Amparo del Canon XV de los de Ética Judicial y del Programa Experimental para el Uso de Cámaras Fotográficas y Equipo Audiovisual en los Procesos Judiciales". En esta, solicitaron autorización para

grabar y transmitir por cámaras fotográficas y equipo audiovisual la vista de sentencia señalada en el caso criminal que se dilucida en contra del Sr. Ángel Malavé Zayas.

Evaluada tal petición, el 4 de noviembre de 2013 emitimos una Resolución mediante la cual una mayoría de este Tribunal declaró *con lugar* el referido petitorio sin trámite ulterior. Véase, Ex Parte: Asociación de Periodistas de Puerto Rico (ASPRO), et als., res. 4 de noviembre de 2013, 2013 T.S.P.R., 189 D.P.R. __ (2013), págs. 1-2. Inconforme con este proceder, en aquella ocasión hice constar las siguientes expresiones:

> [e]l Juez Asociado Rivera García proveería no ha lugar a la solicitud de los peticionarios toda vez que la misma queda fuera del alcance de la Resolución ER-2013-1 emitida por este Tribunal y el *Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales*. En aquel momento, la decisión unánime de esta Curia fue establecer un Programa Experimental en las salas de recursos extraordinarios del Centro Judicial de San Juan. Conforme a lo allí dispuesto, al final de ese periodo, el cual culmina en julio de 2014, el Tribunal deberá evaluar exhaustivamente la efectividad del uso de los referidos equipos. Por lo tanto, resulta prematura cualquier solicitud a los fines de ampliar lo que autorizamos mediante la referida resolución, sin antes contar con el beneficio de una evaluación de ese periodo experimental. Id., pág. 2.

El 21 de noviembre de 2013 el Sr. Malavé Zayas, a través de sus representantes legales, compareció ante nos y solicitó que dejáramos sin efecto la autorización concedida a los grupos periodísticos. Véase, *Solicitud para que se deje sin Efecto Autorización de Utilización de Cámaras Audiovisual y Transmisión de Procedimientos*. En su correspondiente solicitud, este arguyó que la Resolución adoptada por este Tribunal contraviene su

derecho a un debido proceso ley, toda vez que nunca se le notificó del recurso Ex Parte, ni se le brindó la oportunidad de expresarse sobre el particular. Entiende que la autorización concedida para la grabación de la vista de sentencia le afecta directamente su derecho a un proceso justo e imparcial, particularmente ante la existencia de dos procesos criminales adicionales, con derecho a juicio por jurado, así como un proceso civil por jurado en el Tribunal de Distrito Federal relacionado a los casos criminales.

Por otra parte, expone que las organizaciones periodísticas solicitaron autorización para grabar los procedimientos al amparo del Canon 15 de Ética Judicial, *supra*, y del Reglamento del Programa Experimental, por lo que la solicitud debió presentarse ante el Tribunal de Primera Instancia, según establece el mencionado reglamento. Establecen que el Reglamento dispone de una política pública sobre el uso de cámaras y otro equipo audiovisual en el **contexto exclusivo y específico** de las Salas de Recursos Extraordinarios del Centro Judicial de San Juan.

Ciertamente, coincido en parte con los planteamientos expuestos por la representación legal del Sr. Malavé Zayas, particularmente en lo que respecta a la improcedencia de la solicitud presentada por el grupo periodístico al amparo del inaplicable Reglamento del Programa Experimental. Nótese que aun si este fuese el cuerpo reglamentario aplicable, como erróneamente concluye una mayoría de este Tribunal, la realidad es que la solicitud que realizaron los grupos periodísticos no estuvo conforme a sus disposiciones. Al respecto, la Regla 6 del Reglamento del Programa Experimental claramente dispone que todo

medio de comunicación que interese tomar fotografías o grabar imágenes y audio con el propósito de difundir un proceso judicial deberá presentar una petición ante la Secretaría del Centro Judicial de San Juan, no ante este Tribunal.[2] Esto denota con mayor claridad la inaplicabilidad del mencionado reglamento, toda vez que sería totalmente improcedente solicitar autorización a la Secretaría del Centro Judicial de San Juan respecto a un proceso que se dilucida en el Centro Judicial de Caguas.

Lo anterior es tan sólo un ejemplo de la improcedencia de la solicitud presentada por los grupos periodísticos. Conforme a lo expuesto anteriormente, la enmienda que introdujimos al Canon 15 de Ética Judicial, *supra*, se hizo con el único propósito de viabilizar la implantación de un plan **experimental** aplicable **exclusivamente a casos civiles** que se diluciden específicamente en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan. A pesar de ello, en un afán y prisa desmedida, hoy una mayoría de los miembros de esta Curia ignora sus propias expresiones anteriores y autoriza la grabación y transmisión de un procedimiento criminal, para lo cual aún no hemos adoptado reglamentación específica alguna. La grabación de los

---

[2] Esta Regla 6 específicamente establece, en su parte pertinente, lo siguiente:

> a. Todo medio de comunicación que interese tomar fotografías o grabar imágenes y audio con el propósito de difundir un proceso judicial deberá presentar una petición por escrito para utilizar cámaras fotográficas y/o equipo audiovisual de difusión dentro del salón del tribunal. Dicha petición será completada en el formulario provisto para ello y presentada en la Secretaría del Centro Judicial de San Juan por lo menos diez (10) días antes de la fecha asignada en el calendario para el inicio del proceso, o tan pronto advenga en conocimiento del mismo. El tribunal podrá aceptar peticiones luego de iniciado el proceso o que no cumplan con dicho término, si determina que existe causa justificada para ello. In re Enmienda al Canon 15 Ética Judicial y Establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, supra, Regla 6, pág. 10.

procedimientos como el que hoy autoriza este Tribunal era lo que precisamente iba a ser objeto de estudio una vez finalizara el plan experimental en julio de 2014.  ¿Qué necesidad había de adoptar un programa experimental si antes de culminar el mismo y de recibir los resultados ya estamos autorizando procedimientos que ni tan siquiera fueron considerados?

En ese particular, vale cuestionarse ¿dónde está el informe que nos permitiría evaluar con detenimiento el impacto de las cámaras sobre el desarrollo de los procesos judiciales y los efectos concretos sobre la actuación de los participantes antes de establecer permanentemente una política institucional a esos efectos? ¿Dónde quedó la necesidad de delimitar una política institucional responsable sobre el uso de cámaras fotográficas y equipo audiovisual en los tribunales a la que nos invitaba el Juez Presidente tan reciente como en el mes de abril? Véase, In re Enmienda al Canon 15 Ética Judicial y Establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, supra, Voto particular de Conformidad del Juez Presidente señor Hernández Denton, pág. 2. ¿Dónde quedó nuestro deber de "auscultar con detenimiento" y realizar un "análisis sereno" sobre los derechos constitucionales a la libertad de prensa, a un juicio rápido y público, y a la ventilación de un juicio ante un jurado imparcial? Id., Voto Particular de Conformidad del Juez Asociado señor Estrella Martínez, pág. 2, n. 2. Ciertamente, hoy una mayoría de este Tribunal abandona tales deberes y opta por apostar a un ejercicio de improvisación.

Contrario a lo que sugieren algunos, la evaluación de este programa experimental no debe limitarse a felicitaciones de pasillo y a que haya "tenido excelente aceptación por parte de la prensa  y de los dos jueces encargados de las Salas de Recursos Extraordinarios". Ex Parte: Asociación de Periodistas de Puerto Rico (ASPRO), et als., 2013 T.S.P.R. 127, 189 D.P.R. __ (2013), Voto Particular  de Conformidad del Juez Presidente señor Hernández Denton, pág. 2. Necesitamos resultados concretos que puedan ser objeto de estudio y análisis. El ambiente de respeto, solemnidad e imparcialidad, así como el orden y la buena conducta que debe imperar en todo proceso judicial, particularmente en uno de índole criminal, no se consigue mediante autorizaciones selectivas, improvisadas y desreglamentadas como las que avaló una mayoría de este Tribunal en el caso de autos.

Ahora bien, a pesar de mi postura sobre este particular, no puedo pasar por alto las desafortunadas expresiones emitidas por los representantes legales del Sr. Malavé Zayas en cuanto a que este Tribunal tomó su determinación en "cuartos obscuros". Ello no tan solo es contrario a la verdad de lo que aconteció durante el proceso de evaluación de la petición presentada por los grupos periodísticos, sino que además transgrede la conducta ética y de respeto que debe imperar en nuestra profesión, aun cuando no coincidamos con las posturas asumidas por este Tribunal.

## II

Por los fundamentos antes expuestos, revocaría la autorización concedida a la Asociación de Periodistas de Puerto Rico (ASPRO), al Taller de Fotoperiodismo, Inc., a la Asociación

de Fotoperiodistas de Puerto Rico y al Overseas Press Club de grabar y transmitir el procedimiento de vista de sentencia en el caso de <u>Pueblo v. Malavé Zayas</u>, supra. Como tal proceder no fue el resultado que entendió correcto una mayoría de los miembros de este Tribunal, respetuosamente, disiento.

Edgardo Rivera García<br>
Juez Asociado